# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

NO. 5:09-CV-408-FL

| THOMAS W. RICE, SR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM & RECOMMENDATION** |
| WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, DEBBIE ELLIOT, WAYNE COUNTY SHERIFF'S OFFICE, DETECTIVE SERGEANT MICHAEL KABLER, CAPTAIN TOM EFFLER and CAPTAIN F. GREENFIELD, | ) | |
| Defendants | ) | |

This matter comes before the Court upon Defendants' motion to dismiss (DE-17). Plaintiff has responded to this motion (DE's 24-25), and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that Defendants' motion to dismiss (DE-17) be GRANTED and that Plaintiff's Complaint (DE 1-2) be DISMISSED in its entirety.

**I. Background**

This lawsuit arises out of the arrest and incarceration of Plaintiff for multiple counts of forgery and obtaining property by false pretenses. Specifically, Mr. Rice was charged with forging a document awarding himself power of attorney over his hospitalized neighbor and

then using that power to purchase gifts and other items for himself through the victim's checkbook.

Defendant Debbie Elliott is a social worker employed by Wayne County. Ms. Elliott reported apparent improprieties in the victim's financial records to the Wayne County Sheriff's Office. Defendant Michael Kabler is a detective with the Wayne County Sheriff's Office who investigated the forgery and fraud allegations against Plaintiff. Defendant Effler is a Captain with the Wayne County Sheriff's Office and the supervisor of the Office's Investigation Division. Defendant Fane Greenfield is a Captain with the Wayne County Sheriff's Office and is a supervisor at the Wayne County Detention Center.

Plaintiff instituted this lawsuit with the Superior Court for Wayne County on August 18, 2009. Defendants removed the action to this Court on September 16, 2009, pursuant to [28 U.S.C. §§ 1441](#) and 1446 (DE-1). In his Complaint, Plaintiff asserts various North Carolina common law and federal statutory causes of action against Defendants. These claims relate to his arrest and subsequent incarceration at the Wayne County Detention Center.

With respect to his arrest, Plaintiff has asserted claims against Defendants Wayne County Social Services, Kabler, Elliott, and Effler. Against Detective Kabler, Plaintiff asserts claims for slander, trespass to property, libel, and violations of Plaintiff's "fifth amendment, due process & rights of self-incrimination." Likewise, Plaintiff asserts claims of slander, libel, and violations of Plaintiff's "fifth amendment, due process & rights of self incrimination" against Ms. Elliott and Captain Effler, Plaintiff's slander, libel, and

Constitutional claims relate to the publication of Plaintiff's arrest in a local newspaper and on a television station's website (DE 1-2, ¶¶ 9-13). More precisely, Plaintiff contends:

> Defendant Kabler . . . informed the employees of the Hwy 117 Huddle House . . . [that] . . . Plaintiff had stole some checks. Defendants had no proof . . . Defendant Kabler went into Plaintiff['s] . . . locked truck and stole documents . . . and $2,300.00 in cash . . . Defendants . . . had [an] article published in the Goldsboro News Argus stating that Plaintiff . . . had stole . . . They also knew that the publication was false and libelous . . . Defendants . . . used false statements for publication to a reporter . . . Plaintiff . . . was accused of a crime . . . [but] Plaintiff has not been convicted . . .
> (DE 1-2, ¶¶ 9-13).

Plaintiff also indicates that Defendant Kabler threatened and directed a racial slur at him during his arrest (DE 1-2, ¶ 7).

With regard to his incarceration at the Wayne County Detention Center, Plaintiff alleges that Captain Greenfield violated the "42 U.S.C. Civil Rights Act" by not providing Plaintiff with an ink pen to perform legal work, allowing his "staff to operate the facility off of unwritten policies," and not properly adhering to a grievance system (DE 1-2, ¶¶ 14-16). In addition, Plaintiff alleges "that the jail is racially divided, no 24 hour health care, overcrowded, no ventilation, no disciplinary committee and food service isn't up standards." (DE 1-2, ¶ 17).

Finally, the undersigned notes that Plaintiff is a prolific filer in this Court. Specifically, Plaintiff has filed least ten lawsuits involving previous arrests and detention conditions, including: (a) <u>Rice v. Hill, et al</u>, 92-CT-00524-BR (alleging denial of access to

3

courts and due process violations; partially dismissed as frivolous); (b) Rice v. McMichaels, et al, 98-CT-00679-F (alleging civil rights violations in connection with detention; partially dismissed as frivolous and state law claims remanded); (c) Rice, et al v. Bell, et al, 93-CT-00484-H (alleging denial of court access, inadequate legal assistance, and violations of conditions of confinement at the Wayne County Correctional Center; partially dismissed as frivolous); (d) Rice v. Freeman, et al, 96-CT-00300-H (alleging retaliatory transfer from Goldsboro Corrections Center; dismissed by Court); (e) Rice v. Williams, et al, 94-CT-00470-BO (alleging officials at Tillery Correctional Center held legal mail and violations of conditions of confinement; dismissed by Court); (f) Rice v. Creecy, et al, 93-CT-00194-BO (alleging denial of access to legal materials; dismissed by Court); (g) Rice v. Hill, 92-HC-00489-H (petition for writ of habeas corpus; summary judgment granted for Defendant); (h) Rice v. Polk, 93-CT-00320-BO (regarding conditions of Plaintiff's incarceration; summary judgment granted for Defendant); (I) Rice v. Bruse, 92-CT-00026-H (alleging ineffective assistance of counsel at Odom Correctional Institution; dismissed by Court); (j) Rice v. Branch Banking & Trust, et al (petition for mandamus dismissed by Court).

## II. Standard of Review

Defendants have filed their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint...." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the

4

... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U .S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 1950. Without such "heft," Id. at 1947, claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," Id. at 1949, fail to nudge claims "across the line from conceivable to plausible." Id. at 1951 (quotations omitted).

### III. Analysis

#### A. Plaintiff's Complaint does not satisfy *Twombly*

Plaintiff's entire complaint should be dismissed because his claims are not plausible on their face. To the extent his claims go beyond "threadbare recitals", they fail to assert any valid claim.

For example, Plaintiff's sole claim under 42. U.S.C. § 1983 against Defendants

5

Kabler, Effler, Elliott, and Wayne County Department of Social Services is based on the fact that his criminal record was revealed in an article published on a local television station's website. Plaintiff's criminal history is a matter of public record. N.C. Gen. Stat. § 132-1.4(k). Therefore, Plaintiff's claim for violation of his Constitutional rights against Defendants Kabler, Effler, Elliott, and Wayne County Department of Social Services should be dismissed. *See,* Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 496 (1975)("We are reluctant to embark on a course that would make public records generally available to the media but forbid their publication if offensive to the sensibilities of the supposed reasonable man.").

Likewise, Plaintiff's claims against Captain Greenfield are based on Plaintiff's incarceration in the Wayne County Detention Center following his arrest. With the exception of being denied an ink pen, Plaintiff has failed to allege he was harmed by any act or omission of Captain Greenfield. This allegation does not plausibly give rise to a claim for relief.

In addition, Plaintiff's requests that this Court order the North Carolina State Bureau of Investigation to "conduct an investigation on the Defendants" (DE 1-2, pg. 6). This Court has no authority to issue such relief. Plaintiff is not entitled to a federal criminal investigation of the defendants or federal criminal charges against the defendants. *See* Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); Diamond v. Charles, 476 U.S. 54, 64-65(1986) ( applying Linda R.S. v. Richard D. and collecting cases);

6

Nader v. Saxbe, 497 F.2d 676, 681 n. 27 (D.C.Cir.1974) ("Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."). In other words, there is no constitutional right for a private citizen to have someone criminally prosecuted. Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir.1988).

Accordingly, it is hereby RECOMMENDED that Plaintiff's entire Complaint be DISMISSED. The undersigned will next discuss various other grounds which support the dismissal of Plaintiff's Complaint.

### B. Plaintiff's claims are barred by 28 U.S.C. 1915(g)

Plaintiff was incarcerated when he filed the instant complaint (DE-18, pg. 14). Title 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
> 28 U.S.C. § 1915(g).

"Numerous courts have held that a plaintiff's status is determined at the time he files suit and that the PLRA does apply to a prisoner who filed a suit during his confinement and thereafter was released from prison." Richardson v. Sisk, 2008 WL 1886072 (E.D. Va., April 28, 2008)(internal citations omitted). As summarized, *supra.*, Plaintiff has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a

7

court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted". Moreover, his instant claims do not assert that he is "under imminent danger of serious physical injury." Accordingly, it is RECOMMENDED that Plaintiff's entire Complaint be DISMISSED.

## C. Defendants are generally immune from suit

"The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." Avery v. County of Burke, 660 F.2d 111, 113-14 (4th Cir.1981). In North Carolina, in the absence of a statute, "the capacity to be sued exists only in persons in being." McPherson v. First & Citizens Nat. Bank of Elizabeth City, 81 S.E.2d 386, 397 (N.C. 1954). Likewise, in North Carolina departments of municipalities and counties are not susceptible to suit without statutory authorization. See Martin v. Mecklenburg County Park and Recreation Dept't, 2006 WL 3780418 (W.D.N.C. 2006) (dismissing claims against Parks and Recreation Department); Efird v. Riley, et al, 342 F.Supp.2d 413 (M.D.N.C. 2004) (dismissing claims against Cabarrus County Sheriff's Department because "there is no North Carolina statute authorizing suit against a county's sheriff's department"); and Jones v. City of Greensboro, 51 N.C. App. 571 (1981) (overruled on other grounds) (holding that police department and coliseum complex were component parts of city and not amenable to suit).

Moreover, Defendants Wayne County Sheriff's Office and Wayne County Department of Social Services are governmental entities and are therefore immune from tort-based liability. Similarly, Defendants Elliott, Kabler, Effler, and Greenfield are immune

8

from tort-based liability when sued in their official capacities. Smith v. Phillips, et al, 451 S.E.2d 309 (N.C.App. 1994). Except in instances in which an insurance policy has been procured by the County, "the state doctrine of governmental or sovereign immunity bars actions against the State, its counties, and public officials sued in their official capacity for acts in the performance of a governmental function." Goodwin v. Furr, 25 F.Supp.2d 713, 716 (M.D.N.C. 1998). In order to proceed, a plaintiff must affirmatively allege that the governmental entity, official or employee as waived his or her immunity. Plaintiff has not done so.

Likewise, pursuant to the Eleventh Amendment of the United States Constitution, a State is immune from suits in federal courts that seek monetary damages. Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996). "This immunity extends to 'arms of the state,' including state agencies and state officers acting in their official capacity." Id. (internal citations omitted); *see also*, Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989) (indicating that a state official is not a "person" suable under 42 U.S.C. § 1983)). As a result, Plaintiff's claims against Defendants acting in their official capacity are barred.

Plaintiff also seeks punitive damages. Although punitive damages may be awarded in a 42 U.S.C. § 1983 action under appropriate circumstances, they may not be awarded against a municipality or a municipal officer acting in his official capacity "[b]ecause suing an officer in his official capacity has the effect of suing the municipality itself." Staley v. Lingerfelt, et al, 517 S.E.2d 392, 396 (N.C. Ct. App. 1999).

For these reasons, it is RECOMMENDED that Plaintiff's claims be DISMISSED.

### D. Plaintiff has failed to exhaust his administrative remedies

Plaintiff's claims against Captain Greenfield are based on the conditions of his incarceration in the Wayne County Detention Center. Title 42 U.S.C. § 1997e(a) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
> 42 U.S.C. § 1997e(a).

The exhaustion requirement is mandatory. Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir.2005) *citing* Porter v. Nussle, 534 U.S. 516, 524 (2002). Because Plaintiff has failed to allege that he has exhausted any available administrative remedies, it is RECOMMENDED that his claims regarding the conditions of his incarceration be DISMISSED.

### IV. Conclusion

For the aforementioned reasons, it is HEREBY RECOMMENDED that Defendants' motion to dismiss (DE-17) be GRANTED and that Plaintiff's Complaint (DE 1-2) be DISMISSED in its entirety.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 8th day of March, 2010.

_____
William A. Webb
U.S. Magistrate Judge