IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-408-FL

| | | |
|---|---|---|
| THOMAS W. RICE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES; DEBBIE ELLIOT; WAYNE COUNTY SHERIFF'S OFFICE; DETECTIVE SERGEANT MICHAEL KABLER; CAPTAIN TOM EFFLER; and, CAPTAIN FAINE GREENFIELD, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter comes now before the court on defendants' motion to dismiss (DE # 17). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb issued memorandum and recommendation ("M&R") wherein he recommends the court grant defendants' motion (DE # 26). Plaintiff, proceeding *pro se*, filed objection to the M&R (DE # 28), and defendants neither objected to the M&R nor responded to plaintiff's objection. In plaintiff's objection, he also moved for appointment of counsel. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge, overrules plaintiff's objection, and grants defendants' motion.

## BACKGROUND

On July 17, 2009, plaintiff commenced the instant action in Wayne County Superior Court, alleging various tort and constitutional claims. Plaintiff claims defendants committed *inter alia* libel, slander, violated his right to due process, and right against self-incrimination when they provided information to reporters regarding plaintiff's criminal record and charged criminal conduct. Plaintiff also complains of treatment while in jail; he alleges he was denied a pen and complains of overcrowding, segregation, inadequate healthcare, and poor food service while in jail. On September 16, 2009, defendants removed the case to this court.

On October 16, 2009, defendants filed the instant motion to dismiss arguing plaintiff's complaint fails to state a claim. The undersigned referred the motion to the magistrate judge for M&R, and on March 8, 2010, the magistrate judge issued his recommendation. On March 23, 2010, plaintiff filed a notice of appeal of the magistrate judge's recommendation, which the court construes as an objection to the M&R.[1] In plaintiff's objection, he contends that his right to a fair and impartial hearing was violated, he should be allowed to go forward with his case, and he requests appointment of an attorney.

## DISCUSSION

A. Standard of Review

A motion pursuant to Rule 12(b)(6) challenges the sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to

---

[1] Plaintiff labels his filing as a "Notice of Appeal," and he relies on Rule 62 of the Federal Rules of Civil Procedure in seeking relief. A magistrate judge's M&R is neither a final judgment nor an interlocutory order, which can be appealed to the court of appeals. Additionally, Rule 62 governs stays and is inapplicable to the current circumstance. As such, the court construes plaintiff's filing at docket entry number twenty-eight (28) as an objection to the magistrate judge's conclusion that plaintiff's complaint should be dismissed. Should plaintiff wish to appeal the final judgment of this court, he must file such notice as required by the Federal Rules of Appellate Procedure.

raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). A *pro se* complaint is evaluated more leniently: "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and quotations omitted). When deciding a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 546 (4th Cir. 2001).

To aid the court in disposition of such a motion, it may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B). A party may object to the magistrate judge's proposed findings by filing "written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Local Civil Rule 72.4 (emphasis added). The court shall make a *de novo* determination of those portions of the M&R to which a party has filed objections. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

B.  Analysis

Here, the magistrate judge reviewed the motion and recommends the court allow defendants' motion to dismiss plaintiff's complaint in its entirety. In response, plaintiff does not object to a specific finding or conclusion of the magistrate judge as required by Local Civil Rule 72.4.

5

Nonetheless, the court treats plaintiff's objection as one to the conclusion that his complaint should be dismissed.

Plaintiff's complaints of libelous and slanderous conduct, deprivation of his right against self-incrimination, and deprivation of due process stem from dissemination of his criminal record and charged criminal conduct. Plaintiff alleges that the statements made were false, the information at issue cannot be revealed unless he takes the witness stand, and that dissemination of the information has harmed his reputation. Plaintiff's complaints fail. At issue is defendants dissemination of public records and an opinion of defendant Effler. Dissemination of public records is not the type of information which gives rise to a plausible claim for slander and libel. Cf. Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 496 (1975) (discussing the harm which could result from allowing tort claims based on disclosure of public records). Even if such a disclosure could serve as the basis for a claim in libel or slander, plaintiff has failed to allege facts which would support a waiver of immunity by defendant Effler. Nor do the proffered facts give rise to a plausible claim that any constitutional rights of plaintiff were violated by such disclosure.

Additionally, plaintiff's complaints regarding the conditions of the jail fail to state a claim. To state a claim for deliberate indifference, plaintiff must show a serious deprivation of a basic human need and deliberate indifference to prison conditions by prison officials. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Here, plaintiff has failed to plead facts in support of a serious deprivation of a human need nor has he alleged facts giving rise to a plausible claim of indifference. As a result, these claims also fail.

6

In sum, the court agrees with the magistrate judge's recommendation that plaintiff's complaint should be dismissed in its entirety for failure to state a claim. As plaintiff's claim is dismissed, plaintiff's motion for appointment of counsel is moot.[2]

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of the record, the court ADOPTS as its own the magistrate judge's recommendations except where otherwise provided in this order (DE # 26), OVERRULES plaintiff's objections (DE # 28), and GRANTS defendants' motion to dismiss (DE # 17). Additionally, plaintiff's motion for appointment of counsel is DENIED as moot. (DE # 28.) The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 29th day of June, 2010.

LOUISE W. FLANAGAN
Chief United States District Court Judge

---

[2] Additionally, the court concludes plaintiff's motion would be denied in any event. There is no constitutional right to counsel in civil cases, and the court will exercise its discretion to appoint counsel for *pro se* civil litigants only in "exceptional" circumstances. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The current case does not present exceptional circumstances warranting appointment of counsel.

7